**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ANTHONY BAILEY,<br><br>                    Plaintiff,<br><br>vs.<br><br>NEVADA PAROLE BOARD, et al.,<br><br>                    Defendants. | Case No. 2:22-cv-00306-GMN-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 2) AND COMPLAINT (ECF NO. 1-1) |

Pro se plaintiff Anthony Bailey filed an application to proceed in forma pauperis (IFP) and a complaint. ECF Nos. 1-1 and 2. I grant plaintiff's application to proceed in forma pauperis. ECF No. 2. I dismiss his complaint without prejudice. ECF No. 1-1.

**DISCUSSION**

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

**I.     Whether Plaintiff May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the

entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated in High Desert State Prison. ECF No. 2 at 3. Plaintiff filed a declaration and submitted a certified copy of the trust fund account statement (or institutional equivalent), obtained from the appropriate official of the High Desert State Prison, for the 6-month period immediately preceding the filing of his complaint. He swears he has no income other than the money currently in his prison account. I grant plaintiff's IFP application.

II.     **Whether Plaintiff's Complaint States a Plausible Claim**

a. **Legal Standard**

Because the Court grants plaintiff's application to proceed in forma pauperis, it must review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled

to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    **b. Complaint**

Plaintiff's handwriting is difficult to read, but it appears to state that he is serving ten years in prison and that "holds an entitles to the procedures set forth in Judgement of Conviction (sic), NRS 213.1214(2) and the Attorney General Opinion prior to appearing before a parole board, rendering both parole board appearance (sic) unfair due to the board members false representations on the public record." ECF No. 1-1 at 9. Plaintiff alleges that the parole board and its employees violated his civil rights.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 60 L. Ed. 2d 668, 99 S. Ct. 2100 (1979). The United States Supreme Court has held that where a state holds out only the possibility of parole, an inmate has a mere hope that the benefit will be obtained and that hope is not protected by due process. *Id*. at 11 (citing *Meachum v. Fano*, 427 U.S. 215, 225, 49 L. Ed. 2d 451, 96 S. Ct. 2532 (1976)).

Under *Heck v. Humphrey*, to recover damages for an unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The *Heck* test also applies to proceedings that affect the fact or duration of parole. *Jackson v. Vannoy,* 49 F.3d 175, 177 (1995).

Challenging the procedures used in parole hearings implicates, "the prisoner's continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). "This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." *Id*. When a prisoner claims he is incarcerated due to the "bias" of the judge or state officials it, "implie[s] the invalidity of the [prisoner's] confinement; therefore [the prisoner's] sole remedy [is] a habeas corpus petition." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004) (Finding that inmates did not have standing to seek relief under § 1983 because "bias" could not be addressed by an injunction and the validity of confinement can only be addressed by a habeas corpus petition.)

Any claim by a prisoner attacking the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus. *Preiser v.*

4

*Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); see *Jones v. Cunningham*, 371 U.S. 236, 241-43, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963) (holding petitioner on parole is in custody for purposes of habeas corpus review). Where a prisoner raises a claim challenging the legality or duration of his parole status, such claim must be brought in a petition for a writ of habeas corpus. See *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (holding claim challenging decision finding prisoner ineligible for parole must be brought in habeas corpus).

The state law plaintiff cites to states that:

The Director shall:
(a) Ensure that any employee of the Department who completes an assessment pursuant to subsection 1 is properly trained to assess the risk of an offender to reoffend in a sexual manner.
(b) Establish a procedure to:
(1) Ensure the accuracy of each completed assessment provided to the Board; and
(2) Correct any error occurring in a completed assessment provided to the Board.
See NRS 213.1214(2).

Plaintiff does not have standing to bring a § 1983 claim to challenge the alleged procedural defects in the parole process and the plaintiff's belief that the board members lied. NRS 213.1214(2) does not create a way for plaintiff to obtain an advisory opinion from the Attorney General's Office or create any rights. Plaintiff's claims challenge the invalidity of his confinement, and thus he fails to state a § 1983 claim against the Nevada Board of Parole Board and the individual defendants. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that plaintiff file a habeas corpus petition and an in forma pauperis application in a new action, meaning he may not file the petition for habeas corpus in this action. Plaintiff fails to articulate claims against defendants in this action. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is

5

dismissed without prejudice. I also note that plaintiff has filed dozens of duplicative actions in this Court. I warn plaintiff that his behavior in this Court is bordering on vexatious.[1]

ACCORDINGLY,

I ORDER that plaintiff Bailey's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

I FURTHER ORDER that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, May 2, 2022, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

I FURTHER ORDER that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Anthony Bailey #36192 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

---

[1] A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)).

I FURTHER ORDER the Clerk of the Court to send a copy of this order to the Finance Division of the Clerk's Office.

I FURTHER ORDER the Clerk of the Court to send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

I CAUTION plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 31st day of March 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE