**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| ANTHONY BAILEY, | Case No. 2:22-cv-00306-GMN-VCF |
| Plaintiff, | **ORDER** |
| vs. | **-And-** |
| NEVADA PAROLE BOARD, | **REPORT AND RECOMMENDATION FOR DISMISSAL** |
| Defendant. | |

      I previously granted incarcerated pro se plaintiff Anthony Bailey's application to proceed in forma pauperis and dismissed his complaint without prejudice with leave to amend. ECF No. 3. I found that plaintiff's civil rights complaint regarding his issues with the parole board "attack[ed] the fact or duration of his custody pursuant to a criminal conviction or sentence must be brought by way of a petition for a writ of habeas corpus." *Id*. at 4. I noted that he should, "file a habeas corpus petition and an in forma pauperis application in a new action" *Id.* at 5. While I doubted that that he would be able to articulate claims in this action, I noted that since it was, "possible that these deficiencies may be cured through amendment." *Id.*  I gave plaintiff thirty days to file an amended complaint and warned that, "[f]ailure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that the dismissed claims be dismissed with prejudice." *Id*.

I also noted in my order, "that plaintiff has filed dozens of duplicative actions in this Court. I warn[ed] plaintiff that his behavior in this Court is bordering on vexatious." *Id*. at 6. I cautioned, "plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant." *Id*. at 7.

Plaintiff did not file an amended complaint or an objection to my order. Plaintiff did file a "motion for clarification" which is difficult to read as it is written in sloppy cursive. ECF No. 4. Reading his motion for clarification liberally, he appears to "clarify" to the Court that none of his past cases were litigated vexatiously. *Id*. Since I dismissed plaintiff's complaint based on the allegations in his complaint and only <u>warned</u> plaintiff that vexatious litigation tactics would not be tolerated in this case, I deny plaintiff's motion regarding his clarification of his past and concurrent cases as unnecessary. Plaintiff will not be prejudiced because he is free to file an objection to this order/report and recommendation to Judge Navarro.  For the reasons discussed in my order (ECF No. 3), plaintiff's case should be dismissed.

ACCORDINGLY,

I RECOMMEND that this action be DISMISSED and Judgment entered.

I ORDER that plaintiff's motion for clarification (ECF No. 4) is DENIED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 4th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE